The following constitutes the order of the court.
Signed November 8, 2013

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re                            | No. 13-44260
                                 | Chapter 13
Peni H. Inukihaangana,           |
Sherry Laufasa,                  |
                                 |
                                 |
                       Debtors.  |
_____ |

### MEMORANDUM REGARDING JUDICIAL LIEN AVOIDANCE

The above-captioned debtors filed the above-captioned case on July 26, 2013. On September 9, 2013 the debtors filed a Motion to Avoid Judicial Lien pursuant to section 522(f)(1)(A) of the Bankruptcy Code. On October 7, 2013 the debtors filed a request for an entry of order by default, and uploaded a proposed order for the Court's review. The Court returned the order as defective because the debtors' Schedule C did not include a claimed exemption for the real property encumbered by the judicial lien. On October 21, 2013 the debtors filed a Supplemental Brief in Support of Motion to Avoid Judicial Lien. The Court has reviewed the supplemental brief.

1    The Court appreciates the debtors' attention to the matter.

2  The issue is whether it is necessary to claim an exemption on the

3  Schedule C in order to avoid a judicial lien under section

4  522(f)(1)(A).  In this case, the debtors did not claim the

5  homestead exemption because the real property encumbered by the

6  judicial lien is fully encumbered by deeds of trusts and the

7  debtors hold no equity in the real property.  Supplemental Br. in

8  Supp. Of Mot. To Avoid Judicial Lien of Citibank South Dakota,

9  N.A., 1, Oct. 21, 2013, ECF No. 28.  According to the debtors'

10  brief, the language of section 522(f) indicates no exemption must

11  actually be claimed, and many courts do not require an exemption to

12  be claimed.  The debtors cite a Fourth Circuit Court of Appeals

13  decision, *Botkin v. DuPont Community Credit Union*, 650 F.3d 396

14  (4th Cir. 2011).  *Id.* at 2.

15    The Court acknowledges that under the *Botkin* decision, debtors

16  in the Fourth Circuit are not required to claim property as exempt

17  on the Schedule C.  *See Botkin v. DuPont Community Credit Union*,

18  650 F.3d 396, 401 (4th Cir. 2011).  However, the *Botkin* decision is

19  not binding in this jurisdiction, and recent decisions by the

20  Bankruptcy Appellate Panel for the Ninth Circuit indicate an

21  exemption must actually be claimed on the Schedule C.  *See*, *e.g.*,

22  *Green v. Hapo Community Credit Union* (*In re* Green), No. 12-1486

23  (Aug. 12, 2013).  According to the Bankruptcy Appellate Panel,

24  there are four requirements to avoid a judicial lien under section

25  522(f)(1)(A).  The second requirement is that "the property must be

26  listed on the debtor's schedules and claimed as exempt." *Id.* at 9

(quoting *Goswami v. MTC Distrib. (In re Goswami)*, 304 B.R. 386,

2

390-91 (9th Cir. BAP 2003) (internal quotations omitted). A lack of equity in the real property encumbered by the lien does not prevent lien avoidance, but the property must be listed on the schedules and an exemption must be claimed. *See Green v. Hapo* at 10. An exemption in the amount of $0.00 can be claimed on the Schedule C. *Id* at 14. For the reasons stated above, the Court is unwilling to grant the debtors' request for entry of default at this time.

**\*\*END OF MEMORANDUM\*\***

3

1                    **COURT SERVICE LIST**

2   Peni H. Inukihaangana
    5071 Garden Way
3   Fremont, CA 94536

4   Sherry Laufasa
    5071 Garden Way
5   Fremont, CA 94536

6   W. Kirk Moore
    Law Offices of W. Kirk Moore
7   586 N. First St. #202
    San Jose, CA 95112
8
    Martha G. Bronitsky
9   P.O. Box 9077
    Pleasanton, CA 94566
10
    Office of the U.S. Trustee/Oak
11  Office of the U.S. Trustee
    1301 Clay St. #690N
12  Oakland, CA 94612

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4